EX PARTE H. T. GARTH.

No. 18954. Delivered March 31, 1937.

The opinion states the case.

*Frank Cusack,* of Dallas, for appellant.

*Andrew Patton,* District Attorney, and *Ross Carlton,* Special Prosecutor, both of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—In a habeas corpus proceeding, the judge of the county criminal court of Dallas County remanded appellant to custody. Hence this appeal.

It is charged in the complaint, in substance, that appellant was employed for the principal purpose of operating a motor vehicle, and that he failed to display in plain sight upon the band of his cap or under the lapel of his outer coat a chauffeur's badge.

Subdivision (g) of Sec. 1, Chap. 466, General and Special Laws of the 44th Legislature, Second Called Session, defines the term "chauffeur" as follows:

"Every person who is employed for the principal purpose of operating a motor vehicle; and every person who drives a motor vehicle while in use for hire."

Subdivision (a) of Sec. 8 of said act reads as follows:

"Every chauffeur, before operating a motor vehicle for hire, shall apply for and receive from the Department, and at all times while so operating a motor vehicle for hire shall display in plain sight upon the band of his cap or under the lapel of his outer coat, a chauffeur's badge."

It is observed that the provision last quoted refers to persons operating motor vehicles for hire. No reference is made to persons who are employed for the principal purpose of operating motor vehicles. In short, we find in the act no provision requiring a person who is employed for the principal purpose of operating a motor vehicle to display a chauffeur's license badge on the band of his cap or under the lapel of his outer coat. It follows that the complaint under which appellant is held is absolutely void. See Ex parte Rocquemore, 131 S. W., 1101.

The judgment is reversed and the appellant is ordered discharged.

*Reversed, and appellant ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.